**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MATTHEW JAMES ZAMORA, | ) NO. CV 18-8044-PSG (KS) |
| | ) |
| Petitioner, | ) |
| v. | ) **ORDER: DISMISSING PETITION FOR** |
| | ) **WRIT OF HABEAS CORPUS WITHOUT** |
| KELLY SANTORO, Warden, | ) **PREJUDICE; AND DENYING** |
| | ) **CERTIFICATE OF APPEALABILITY** |
| Respondent. | ) |
| _____ | ) |

**INTRODUCTION**

On September 17, 2018, Petitioner, a California state prisoner proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.)  On April 25, 2019, Respondent filed an Answer to the Petition and lodged the state court records. (Dkt. Nos. 21, 22.)  On September 26, 2019, Petitioner filed a Reply. (Dkt. No. 32.)

On May 19, 2015, a Los Angeles County Superior Court jury convicted Petitioner of second-degree murder (California Penal Code ("Penal Code") § 187(a)), misdemeanor escape from arrest (Penal Code § 836.6(b), and resisting an executive officer (Penal Code § 69). (2

1

Clerk's Transcript ("CT") 421, 425, 426.)  The jury also found true firearm allegations (Penal Code § 12022.53(b)-(d)).  (2 CT 421.)  On August 17, 2015, the trial court sentenced Petitioner to 40 years to life in state prison.  (2 CT 543.)

At the time of his commitment offenses, Petitioner was 17 years old.  (Lodgment No. 10 at 2.)  On January 18, 2019, the Los Angeles County Superior Court granted Petitioner habeas relief on the ground that he is entitled to have his case remanded to the juvenile court for a transfer hearing pursuant to Proposition 57.  (*Id.*)  After Proposition 57, "prosecutors may no longer directly file charges against a minor in an 'adult' criminal court.  Only a juvenile court judge can determine whether a minor can be prosecuted and sentenced as an adult, after conducting a transfer hearing, taking into account various factors such as the minor's age, maturity, criminal sophistication, and his or her likelihood of rehabilitation."  *People v. Vela*, 21 Cal. App. 5th 1099, 1102 (2018).

Accordingly, the Los Angeles County Superior Court conditionally vacated Petitioner's convictions and transferred his case to the Court's Juvenile Division.  (Lodgment No. 10 at 2.)  The Juvenile Division was directed to conduct a juvenile transfer hearing to determine whether it would have transferred Petitioner to a court of criminal jurisdiction.  (Lodgment No. 10 at 2.)  If so, Petitioner's convictions would be reinstated.  (*Id.*)  However, if the Juvenile Division concludes that it would not have transferred Petitioner to a court of criminal jurisdiction, then Petitioner's convictions will be deemed to be juvenile adjudications.  (*Id.*)  According to a status report Petitioner filed on January 29, 2020, Petitioner has been informed that his transfer hearing would be held within 90 days.  (Dkt. No. 33 at 1.)

On February 3, 2020, the Court, noting that, as a matter of comity, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court, ordered the parties to file supplemental briefing on the question of whether abstention was warranted because Petitioner's conviction was not yet final.  (Dkt. No. 34.)  The Court has now

1  received that briefing.

2

3                              **DISCUSSION**

4

5       Respondent requests dismissal of the Petition on the grounds that abstention is warranted

6  under *Younger v. Harris*, 401 U.S. 37 (1971).  (Dkt. No. 37.)  Under *Younger*, principles of

7  comity and federalism require the federal courts to abstain when the following conditions are

8  satisfied:  (1) there is an ongoing state judicial proceeding; (2) the proceeding implicates

9  important state interests; (3) there is an adequate opportunity in the state proceeding to raise

10 constitutional challenges; and (4) the requested relief seeks to enjoin, or would have the

11 practical effect of enjoining, the ongoing state proceeding.  *Arevalo v. Hennessy*, 882 F.3d 763,

12 765 (9th Cir. 2018); *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir. 2004). Respondent

13 observes that these conditions are satisfied here:  Petitioner's state juvenile proceeding is

14 ongoing; California has an important interest in administering its juvenile justice system by

15 requiring a judge to decide whether juveniles should be tried in adult court; the proceedings in

16 the juvenile justice system provides Petitioner with an opportunity to raise his federal

17 constitutional challenges; and granting the writ would interfere with the ongoing juvenile

18 proceeding.  (Dkt. No. 37 at 3-4.)

19

20      There are three exceptions to the *Younger* abstention doctrine:  (1) when there is evidence

21 of state proceedings motivated by bad faith; (2) when irreparable injury would occur; or (3)

22 when there was no adequate alternative state forum where the constitutional issues can be

23 raised.  *Younger*, 401 U.S. at 43.  In his Reply, however, Petitioner does not contend that any

24 of these three exceptions apply here (*see generally* Dkt. No. 38), and the facts do not support

25 such an inference.  Instead, Petitioner's Reply only asks the Court to stay the action instead of

26 dismissing it.  (*Id.*)

27

28      It is well-established that, when a court abstains under *Younger* in an action for injunctive

   relief, dismissal, as opposed to a stay, is appropriate.  *See Herrera v. City of Palmdale*, 918 F.3d

                                              3

1037, 1042 (9th Cir. 2019); *Gilbertson*, 381 F.3d at 981; *see also, e.g., Potts v. Gillepsie*, No. 2:12-cv-01339-MMD-GWF, 2012 WL 4340642, * 2 (D. Nev. Sep. 20, 2012) (finding that *Younger* abstention is appropriate, denying the petitioner's request for a stay, and dismissing the action without prejudice to filing a future federal habeas petition); *Wilkins v. Ahern*, No. C 12-543 SW (pr), 2012 WL 1997822, at *4 (N.D. Cal. Jun. 4, 2012) (granting dismissal without prejudice of habeas petition pursuant to *Younger* and finding that the same principles of comity and federalism that require abstention prohibit the court from granting a stay). Because a habeas petition seeks injunctive relief, not damages, Petitioner's request for a stay must be denied and Respondent's request for dismissal without prejudice must be granted pursuant to *Younger*.

## ORDER

Therefore, IT IS HEREBY ORDERED that: (1) Petitioner's request for a stay is DENIED; (2) the Petition is DENIED; and (3) Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: April 8, 2020

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Order Presented By:

_____
KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE

4